# In the United States District Court
# For the Southern District Of Georgia
# Waycross Division

| | | |
|---|---|---|
| STEPHEN WYATTE, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:15-cv-92 |
| | * | |
| v. | * | |
| | * | |
| HOMER BRYSON; ROBERT TOOLE; | * | |
| EDWINA JOHNSON; TOM GRAMIAK; and | * | |
| NATHAN BROOKS, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court are the Magistrate Judge's March 8, 2016 Report and Recommendation, dkt. no. 22, and Plaintiff's Objections, dkt. no. 23, to the same. After an independent and *de novo* review of the entire record, the Court **OVERRULES** Plaintiff's Objections, concurs with the Magistrate Judge's Report and Recommendation, and **ADOPTS** the Report and Recommendation as the opinion of the Court. The Court **DISMISSES** Plaintiff's Complaint, **DENIES** Plaintiff's Motion for a Preliminary Injunction, and **DENIES** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

Plaintiff filed this cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement while he

was housed at Ware State Prison in Waycross, Georgia and Washington State Prison in Davisboro, Georgia. Dkt. No. 1. The Magistrate Judge denied Plaintiff's Motion to Amend his Complaint and his Motion to Add Parties, recommended that the Court dismiss Plaintiff's Complaint for failure to state a claim, and recommended that the Court dismiss Plaintiff's Motion for a Temporary Restraining Order. Dkt. No. 22, p. 1. Plaintiff filed Objections to the Report and Recommendation. Dkt. No. 23.

In his Objections, Plaintiff complains about his incorrect classification as a "Goodfellas" gang member and resulting placement in administrative segregation at Ware State Prison without first receiving a hearing upon his arrival at that facility. Id. at p. 1. Plaintiff further alleges that, after being confined in administrative segregation for five months, he was arbitrarily placed in disciplinary segregation in the Tier II program at Ware State Prison in contravention of prison policy.[1] Id. Plaintiff first contends his placement in the Tier II program was improper because it was based upon his incorrect classification as a "Goodfellas" gang member. Id. at p. 3. Plaintiff alleges that even after his erroneous label as a gang

---

[1] Plaintiff contends that prison policy states that an inmate only qualifies for placement in the Tier II Unit if he has committed two or more violent or assaultive disciplinary infractions within twelve months' time. Plaintiff asserts that he has committed no disciplinary infractions and that his placement in the Tier II Unit was therefore unjustified. Dkt. No. 23, p. 2.

member was removed, Ware State Prison officials continued to hold him in the Tier II program, despite the fact that he was also guilty of no disciplinary infractions. Id. Plaintiff contends that Defendants then falsified disciplinary reports to create the impression that he had been properly placed in the Tier II program. Id.

Plaintiff asserts that the named Ware State Prison Defendants then directed officials at Washington State Prison to place him in administrative segregation after his transfer to the latter facility. Id. at p. 5. Plaintiff therefore objects to the Magistrate Judge's denial of his Motion to Add Parties and Motion to Amend his Complaint, as well as the Magistrate Judge's recommendation that the Court dismiss his Motion for a Preliminary Injunction and Temporary Restraining Order due to improper venue. Id. Plaintiff contends that he may properly assert claims in this Court against Washington State officials, who are located in the Middle District of Georgia, because those individuals engaged in a conspiracy with the named Defendants in an effort to perpetuate his detention in administrative segregation. Id.

In both his Complaint and his Objections, Plaintiff contends Defendants violated his rights to due process by failing to follow the prison's Standard Operating Procedure in classifying him as a gang member and for failing to conduct a

hearing before placing him in administrative segregation. Dkt. Nos. 1, 23. Plaintiff further contends that Defendants violated his Eighth Amendment right against cruel and unusual punishment by placing him in the Tier II Unit without sufficient justification. Dkt. No. 1, p. 8. Specifically, Plaintiff claims Defendants initially placed him in the Tier II Unit due to his erroneous label as a gang member, and then falsified disciplinary reports to create the impression that Plaintiff's confinement in the Tier II program was warranted. Id. at p. 3.

## DISCUSSION

The Magistrate Judge correctly laid out the pertinent legal standards and properly applied those standards to Plaintiff's claims. Without repeating the Magistrate Judge's analyses and findings, Plaintiff fails to state a plausible due process claim, cruel and unusual punishment claim, or deliberate indifference claim against any of the named Defendants for the reasons set forth in the Magistrate Judge's Report. Plaintiff's Objections offer no new assertions which render these claims plausible.

Plaintiff contends he was improperly placed in the Tier II program at Ware State Prison due to his erroneous classification as a gang member and that Defendants failed to release him from confinement following his declassification as a gang member.

Plaintiff further argues that Defendants falsified disciplinary reports to justify his placement in the Tier II Unit.

However, as the Magistrate Judge noted, Plaintiff fails to allege that his initial placement in administrative segregation was punitive in nature[2] or that the conditions in either administrative segregation or the Tier II Unit imposed an atypical and significant hardship on him relative to the ordinary incidents of prison life. As such, Plaintiff's confinement in administrative segregation and the Tier II Unit did not deprive him of a constitutional liberty interest or a state-created liberty interest to which due process could attach. Further, Plaintiff's allegation that "no hearings [he received regarding his placement in Tier II confinement] were of any substance and were no more than mere paper shuffling"

---

[2] Plaintiff also contends that that Magistrate Judge's Report and Recommendation contains an internal inconsistency regarding his procedural due process and deliberate indifference claims. First, Plaintiff points to the Magistrate Judge's conclusion, based on Plaintiff's allegations, that Plaintiff's initial placement in administrative segregation was non-punitive. Plaintiff's placement was based upon Defendants' determination that Plaintiff was in danger of being attacked in the general population, due to his classification as a gang member. Second, Plaintiff points to the Magistrate Judge's conclusion that Plaintiff's deliberate indifference claim fails because he did not plausibly allege that he faced a substantial risk of serious harm due to his incorrect classification as a gang member. Plaintiff avers that the Court cannot logically conclude that he was placed in administrative segregation to prevent attacks by members of rival gangs while simultaneously concluding that he did not face a substantial risk of serious harm as a result of his incorrect classification as a gang member. However, Defendant's reasoning, in the administrative context, for placing Plaintiff in segregation and the Court's determination, in the constitutional context, of whether Plaintiff sufficiently alleged facts showing a substantial risk of serious harm are two separate and unrelated inquiries.

remains insufficient to allege a viable procedural due process claim. Dkt. No. 23, p. 9.

Likewise, the Court rejects Plaintiff's contention that the Magistrate Judge erred in denying his motion to add parties and to amend his complaint. Plaintiff's conclusory allegation that the named Ware State Prison Defendants "contacted the employees at Washington State Prison and told them not to release Plaintiff to General Population," id. at p. 5, without any additional facts, is insufficient to plausibly allege that these parties conspired to violate his constitutional rights. See Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002) ("To establish a prima facie case of [S]ection 1983 conspiracy, a plaintiff must show, among other things, that defendants 'reached an understanding to violate [his] rights.'") (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir. 1988)). In both his Complaint and his Objection, Plaintiff makes nothing more than bare assertions that Defendants conspired with officials at Washington State Prison, which is an insufficient basis of liability under Section 1983.

## CONCLUSION

Plaintiff's Objections, dkt. no. 23, are without merit and are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, **DISMISSES** Plaintiff's Complaint, and **DENIES** Plaintiff's Motion for a

Preliminary Injunction. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case. Further, Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 23 day of May, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA